Case 4:21-cv-00704   Document 13   Filed on 10/08/21 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
October 09, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT E. CARTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-CV-704 |
| | § | |
| LAW OFFICES OF REGENT & ASSOCIATES, ANH REGENT, KELLY ALBERT, LYNDEE LE, | § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Plaintiff's Motion for Default Judgment. (Dkt. No. 10.) Based on a thorough review of the motion, case history, and relevant law, the Court **RECOMMENDS** the Motion for Default Judgment be **DENIED**.

### I.    BACKGROUND

Plaintiff Robert E. Carter ("Plaintiff") filed this *pro se* lawsuit on March 4, 2021 against Defendants Law Offices of Regent & Associates, Anh Regent, Kelly Albert, and Lyndee Le (collectively, "Defendants") alleging they violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Texas Debt Collection Act, TEX. FIN. CODE. § 392.001 *et seq.*, among other laws. (Dkt. No. 1.)[2] Plaintiff also filed, with his complaint, unexecuted requests for Defendants to waive service. (Dkt. No. 1-2.) The Clerk of Court subsequently notified Plaintiff that no summons had been issued in the case and that the waiver requests were defective because

---

[1] On March 25, 2021, the District Judge referred the entire case to the undersigned Magistrate Judge for full pretrial management pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (Dkt. No. 6.)

[2] Plaintiff also named U.S. Bank, N.A. and U.S. Bancorp, Inc. as defendants (Dkt. No. 1), but subsequently dismissed the claims against them with prejudice (Dkt. No. 9).

they were not individualized. (Dkt. No. 2.) On March 18, 2021, Plaintiff filed a letter stating that he sent a copy of the summons and complaint to each Defendant individually by certified mail and attaching copies of the return receipts. (Dkt. No. 3.) Defendants failed to answer the complaint and Plaintiff filed a Motion for Default Judgment seeking $98,286 in damages. (Dkt. No. 10.) The motion should be denied without prejudice because Plaintiff has not properly served Defendants or obtained waivers of service from Defendants.

## II. ANALYSIS

Federal Rule of Civil Procedure 55 governs requests for default judgment. FED. R. CIV. P. 55. Three steps must occur in order to obtain a default judgment under Rule 55: "(1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment." *Joe Hand Promotions, Inc. v. 2 Tacos Bar & Grill, LLC*, No. 16-CV-1889, 2017 WL 373478, at *1 (N.D. Tex. Jan. 26, 2017). The first step, default, can only occur if the defendant has been properly served or has executed a waiver of service. *Alamo 1 Specialized Trucking, Inc. v. Bay Crane Servs. of N.J., Inc.*, No. 18-CV-386, 2018 WL 8619801, at *1 (W.D. Tex. July 27, 2018) ("[I]t is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant.") (quotations omitted); *see also Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 938 (5th Cir. 1999) ("Like formal service of process, a waiver of service of process marks the point in a lawsuit after which the defendant must answer or risk default."). In fact, proper service of process—or waiver thereof— "is a jurisdictional prerequisite to the entry of a default judgment." *Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 672 (5th Cir. 2015).

Under Rule 4 of the Federal Rules of Civil Procedure, a plaintiff may either obtain a waiver of service from a defendant or effectuate service according to the type of defendant—*i.e.*, whether

the defendant is an individual or business entity—and where the defendant is located. Rule 4 does not expressly permit service by certified mail. *See* FED. R. CIV. P. 4(e) & (h). However, it does permit service according to the law of the state where the district court is located or where service is made, *see* FED. R. CIV. P. 4(e)(1) & (h)(1)(A), which in this case is Texas. The Texas Rules of Civil Procedure allow service by certified mail, return receipt requested. TEX. R. CIV. P. 106(a)(2). However, service can be made only by "(1) any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified under order of the Supreme Court." TEX. R. CIV. P. 103. "[N]o person who is a party to or interested in the outcome of a suit may serve any process in that suit[.]" *Id.*; *see Hurtado v. JPMC Specialty Mortg. LLC*, No. 13-CV-1019, 2014 WL 3404973, at *2 (N.D. Tex. July 11, 2014) (explaining that a party cannot effectuate service under Texas law even when service is attempted by certified mail). "There is no exception for pro se litigants." *Avdeef*, 616 F. App'x at 672; *see also Lohr v. Express Jet Airlines, Inc.*, No. 20-CV-3399, 2020 WL 7323360, at *1 (S.D. Tex. Dec. 11, 2020).[3]

Here, Plaintiff has not obtained waivers of service or properly served any of the Defendants. Although Plaintiff states that he served a copy of the summons and complaint on each Defendant by certified mail (Dkt. No. 3 at 1), no summons was ever issued in this case. It appears Plaintiff instead mailed a Request to Waive Service of a Summons to each Defendant. (*See* Dkt. No. 1-2.) However, Plaintiff never filed any signed waivers or otherwise indicated Defendants have executed them, and thus Defendants are not in default for failing to respond to the complaint. *See Gonzales v. Horizontal Wireline Servs., LLC*, No. 15-CV-883, 2017 WL 11068269, at *5 (W.D. Tex. May 30, 2017) (explaining that "if a plaintiff files *an executed waiver*, proof of service

---

[3] The Federal Rules also do not allow a party to effectuate service. FED. R. CIV. P. 4(c)(2).

is not required and the rules apply as if a summons and complaint had been served") (emphasis added); *see also* FED. R. CIV. P. 12(a)(1)(A) (requiring a defendant to answer either within 21 days of being served with the summons and complaint or within 60 days of a request for waiver *if the defendant has waived service*).

Even if each certified mailing did somehow include a summons, it appears Plaintiff mailed the documents himself. (*See* Dkt. No. 3; Dkt. No. 10 at 1, 5.) As explained above, this does not constitute proper service and the Court cannot exercise personal jurisdiction over the Defendants. *See, e.g.*, *Hanon v. Smith*, No. 20-CV-533, 2021 WL 867861, at *2 (E.D. Tex. Feb. 3, 2021) ("Plaintiff has not properly effected service of process on Defendants because he—a party—served them by certified mail. To give effective service of process, Plaintiff must have a non-party serve the complaint and summons to Defendants[.]"), *report and recommendation adopted*, 2021 WL 864142 (Mar. 8, 2021); *Hurtado*, 2014 WL 3404973, at *3 ("Texas state law does not permit [plaintiff] to serve process by certified mail. Consequently, the Court concludes that [plaintiff] has failed to establish service of process on any Defendant that complies with the Federal and/or Texas Rules of Civil Procedure. Because service of process is improper, the Court cannot exercise personal jurisdiction over Defendants.").

Because Plaintiff has failed to properly serve each Defendant or obtain an executed waiver of service as to each Defendant, default judgment is improper and the Court recommends denying Plaintiff's motion at this time. *See Hanon*, 2021 WL 867861, at *2; *Lohr*, 2020 WL 7323360, at *1. Although the deadline for Plaintiff to effectuate service of process has passed, *see* FED. R. CIV. P. 4(m), Plaintiff attempted to comply with the service rules immediately upon filing this lawsuit. Thus, the Court recommends Plaintiff be given thirty days from the District Judge's ruling on this Memorandum and Recommendation to properly serve Defendants with a summons and complaint

or file executed waivers of service. *See Hanon*, 2021 WL 867861, at *2 (giving *pro se* plaintiff thirty additional days to serve defendants under Rule 4(m), which allows the court to extend the time for service).

### III.   CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** Plaintiff's Motion for Default Judgment (Dkt. No. 10) be **DENIED WITHOUT PREJUDICE** and Plaintiff be given an additional thirty days to serve Defendants or obtain waivers of service.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on October 8, 2021.

Sam S. Sheldon
United States Magistrate Judge